**Orellana v 5541-1274 Fifth Ave. Manhattan LLC**

2026 NY Slip Op 30784(U)

March 9, 2026

Supreme Court, New York County

Docket Number: Index No. 152497/2020

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**

*Justice*

| | |
|---|---|
| PART | 11M |

-----------------------------------------------------------------------------X

MILTON ALFREDO BARRERA ORELLANA,

Plaintiff,

- v -

5541-1274 FIFTH AVENUE MANHATTAN LLC,REIDY
CONTRACTING GROUP LLC,H&L IRONWORKS CORP.,
LCD ELEVATOR, INC.,AKELIUS REAL ESTATE,

Defendant.

-----------------------------------------------------------------------------X

REIDY CONTRACTING GROUP LLC

Plaintiff,

-against-

H&L IRONWORKS CORP., LCD ELEVATOR INC.

Defendant.

-----------------------------------------------------------------------------X

5541-1274 FIFTH AVENUE MANHATTAN LLC

Plaintiff,

-against-

LCD ELEVATOR, INC., TOUCHSTONE CONTRACTING INC.

Defendant.

-----------------------------------------------------------------------------X

H&L IRONWORKS CORP.

Plaintiff,

-against-

TOUCHSTONE CONTRACTING INC.

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152497/2020 |
| MOTION DATE | 03/14/2025 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  595725/2020

Second Third-Party
Index No.  595899/2020

Third Third-Party
Index No.  595319/2023

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 009) 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 296, 302, 307, 313, 342, 343, 344, 345, 346, 347, 351, 352, 356, 361, 367, 372, 377, 382, 383, 388

were read on this motion to/for           JUDGMENT - SUMMARY           .

Upon the foregoing documents, the motion is denied.

## Background

This motion arises out of a Labor Law case involving an incident at a construction site located on a premises owned by defendants Akelius Real Estate Management LLC ("Akelius") 5541-1274 Fifth Avenue Manhattan LLC ("Fifth" or collectively with Akelius "Owners"). The general contractor for the project was defendant Reidy Contracting Group, LLC ("Reidy" or "GC"). Plaintiff was a bricklayer, employed by defendant Touchstone Contracting, Inc. ("Touchstone" or "Employer"). He was working on a scaffold on the day in question when an unsecured cinderblock or brick fell and injured him. Plaintiff was positioned beneath an elevator bulkhead above the rooftop. A plastic tarp had been placed on top of the bulkhead in order to protect the elevator from the weather, and it is alleged that the tarp was secured with cinderblocks and that on the day in question, a gust of wind blew one of the cinderblocks off the tarp onto Plaintiff.

*Procedural Background*

Plaintiff commenced this underlying proceeding in March of 2020, pleading claims against Owners and GC. Both defendants answered, and the GC filed a third-party complaint in September of 2020, pleading claims for indemnification and contribution against two sub-contractors on the site: H&L Ironworks Corp. ("H&L" or "Masonry Subcontractor") who was hired by Reidy and themselves sub-contracted Employer, and LCD Elevator, Inc. ("LCD" or "Elevator Subcontractor"), who was hired directly by Owners. Both H&L and LCD have

answered the third-party complaint. Plaintiff has filed several verified bills of particulars in this case.

In June of 2022, Plaintiff commenced a separate action against Akelius, which has since been consolidated with this action. In May of 2023, the GC filed a motion for summary judgment seeking dismissal of the labor law claims against them and contractual indemnity from H&L. A decision from this Court granted dismissal of the common law negligence, Labor Law § 200, and Labor Law 241(6) claims against the GC (the "December Order"). In dismissing the Labor Law 241(6) claim, the Court reasoned that it was undisputed that work was not being done overhead at the time of the accident and therefore "the movant has established that section 23-1/7(a) [of the Industrial Code] is inapplicable to the instant case." The December Order also noted that the GC had failed to meet their burden on establishing contractual indemnity because there were questions of fact going to whether LCD was responsible for the accident in question. The GC appealed the December Order, which was affirmed by the First Department. Plaintiff filed the Note of Issue in January of 2025.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016].

The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

In this motion, LCD moves for summary judgment in their favor, dismissing all claims and cross-claims asserted against them. They argue that because no-one knows for sure what caused the cinderblock that struck Plaintiff to fall, all claims against them should be dismissed. The motion is opposed by the Owners and Touchstone and partially opposed by Reidy. Plaintiff has not opposed the motion.

In essence, LCD is arguing that because there are material questions of fact, they should be awarded summary judgment. Crucially, LCD has not submitted evidence proving conclusively that the cinderblock was *not* being used to secure a tarp covering their elevator work. Instead, they have pointed to the areas of confusion and conflicting testimony regarding the source of the cinderblock in the record and provided affidavits from their employees stating that they had not placed a cinderblock on the plastic sheeting in question. While this would suffice to oppose a motion for summary judgment (and indeed, a motion for summary judgment in this case has already been denied due specifically to questions of fact going to LCD's potential role in the accident), this does not establish a prima facie entitlement to summary judgment for LCD. Accordingly, it is hereby

ADJUDGED that the motion is denied.

20260309162705LFRANK544FE7CB22984AD1834F5591E995F634

| **3/9/2026** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152497/2020   ORELLANA, MILTON ALFREDO vs. 5541-1274 FIFTH AVENUE**          **Page 4 of 4**
**Motion No.  009**

[* 4]